CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
DEBORAH E. GONZALEZ (Bar No. 310153)
(E-Mail: Deborah_Gonzalez@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
STEPHEN WILLIAM RINES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN WILLIAM RINES, <br><br> Defendant. | Case No. CR 16-00737-AB <br><br> **UNOPPOSED *EX PARTE* APPLICATION TO FILE TREATMENT DISCHARGE LETTER UNDER SEAL** |

Defendant Stephen William Rines, by and through his attorney of record, Deputy Federal Public Defender Deborah E. Gonzalez, hereby submits this unopposed *ex parte* application to file under seal a letter of discharge from Tarzana Treatment Centers.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 18, 2021          By  */s/ Deborah E. Gonzalez*
DEBORAH E. GONZALEZ
Deputy Federal Public Defender
Attorney for STEPHEN WILLIAM RINES

1

## MEMORANDUM OF POINTS AND AUTHORITIES

A court has supervisory powers over its records and files and may allow documents to be filed under seal in appropriate circumstances. *See United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987); *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979). Although there is a strong presumption of public access to court records, a party desiring to seal documents filed with the court may overcome this presumption by presenting facts known to the Court which demonstrate a likelihood of improper use of the material, such as for scandalous or libelous purposes or that its use will infringe upon fair trial or privacy rights. *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986); *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). A court is to balance the likelihood of improper use with the public's interest in understanding the judicial process to determine whether the presumption of access is overcome. *Valley Broadcasting*, 798 F.2d at 1294.

Here, the defense seeks to file a discharge letter received from Tarzana Treatment Centers for the Court's consideration prior to the next status conference. That letter discusses personal, protected information about Mr. Rines' health that is private and has little public value. Accordingly, the letter should be filed under seal.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 18, 2021      By  */s/ Deborah E. Gonzalez*
DEBORAH E. GONZALEZ
Deputy Federal Public Defender
Attorney for STEPHEN WILLIAM RINES

2

**DECLARATION OF COUNSEL**

I, Deborah E. Gonzalez, hereby declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California, and I am appointed to represent Stephen William Rines in this matter.

2. I am filing a discharge letter I received from Tarzana Treatment Centers for the Court's consideration. That letter discusses personal, protected information about Mr. Rines' health. I therefore believe that it is appropriate to file the letter under seal.

3. On today's date, I communicated with Assistant United States Attorney A. Carley Palmer to determine her position regarding this *ex parte* application to file under seal. Ms. Palmer indicated that the government has no opposition to this request.

I hereby declare that the foregoing is true and correct.

DATED: May 18, 2021          By  /s/ *Deborah E. Gonzalez*
                              DEBORAH E. GONZALEZ
                              Deputy Federal Public Defender